# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant STEVEN J. FURGERSON**
**United States Army, Appellant**

ARMY 20170239

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Charles L. Pritchard, Jr., Military Judge
Colonel David E. Mendelson, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Captain Patrick G. Hoffman, JA; Captain Benjamin J. Wetherell, JA (on brief); Lieutenant Colonel Tiffany D. Pond, JA; Captain Patrick G. Hoffman, JA; Captain Benjamin J. Wetherell, JA (on reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Jeremy Watford, JA (on brief).

5 February 2019

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Senior Judge:

We briefly address the sole issue raised by appellant in his appeal: Did the military judge abuse his discretion when he declined to conduct an in camera review of the crime victim's mental health records? Appellant says yes – arguing that the records contain "*Brady*" information that pierces the privilege.[1] We disagree.[2]

---

[1] *See generally Brady v. Maryland*, 373 U.S. 83 (1963) (requiring the government to disclose to the defense certain information in the possession of the prosecution).

[2] An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault by bodily harm, anally penetrating his spouse, in violation of Article 120(b)(1)(B), Uniform Code of Military Justice,

(continued . . .)

## LAW AND DISCUSSION

Appellant's wife [KC] claimed that in the midst of consensual vaginal sex, appellant forcibly turned her over and had anal sex with her against her repeated protestations and against her will. She further claimed to have suffered rectal bleeding after the assault and sought medical attention. In the course of investigating KC's allegations, military law enforcement requested a copy of KC's medical records.

While preparing for trial, the trial counsel began reviewing the medical records. The first two pages consisted of a table of contents. After reading the table of contents – and only the table of contents – the trial counsel became concerned that privileged mental health records had been included along with unprivileged medical records. The trial counsel then sent the following message to the defense and to KC's special victim counsel (SVC):

> The Government has reviewed the table of contents of [KC's treatment records] but not the records themselves. However, based on the table of contents alone, the government believes some of these records may be evidence favorable to the defense, and should be provided under RCM 701(a)(6) and *Brady*. However, these records are possibly privileged communications – records of diagnosis and treatment – and might be privileged under [Military Rule of Evidence] 513.

The SVC invoked privilege on behalf of KC. The military judge then directed the SVC to review the records and determine which records were privileged. The SVC objected, claiming the military judge's order interfered with the ethical obligations of the SVC.[3]

---

(. . . continued)
10 U.S.C. § 920 (2012) [UCMJ]. The panel did not adjudge any punishment other than the mandatory dishonorable discharge. *See* Article 56, UCMJ.

[3] We are concerned with this reasoning. At the very least, having asserted that some documents were privileged, the SVC could be required to assert to which documents or statements KC's claim of privilege was being asserted. Unless all KC's medical records were also mental health records – and that certainly was not the case – the privilege could not plausibly apply to every document. Just as one cannot eat and have their cake, one cannot claim a privilege without specifying to what the claim of privilege applies. Certainly, an SVC cannot frivolously assert to the court that

(continued . . .)

Eventually, the production of KC's non-mental health records was resolved when the hospital provided a new set of *unprivileged* records. The mental health records were never provided to the defense. Except for having reviewed the table of contents, the mental health records were not reviewed by the trial counsel.

What was left was the trial counsel's hanging chad of a statement that after reviewing the table of contents, the records "may be evidence favorable to the defense, and should be provided under . . . *Brady."* Many defense counsel would certainly ask what had caused the government to think that the records contained *Brady* matter?

Indeed, in *Acosta* we surmised that a privilege created by a presidentially promulgated rule must yield to a constitutional requirement (i.e. *Brady*) that the government turn over to the defense evidence that is favorable and material. *See Lk v. Acosta*, 76 M.J. 611, 615 (Army Ct. Crim. App. 2017). That is, a mere rule cannot prevent the government from fulfilling its constitutional requirements. *Id*. On appeal, appellant claims that this is just such a case.

Admittedly, appellant was placed in a difficult position. The trial counsel arguably thought that the records contained *Brady* information after reading the table of contents. However, the defense did not know what caused the trial counsel to assert that there was *Brady* evidence. The defense was never provided with the table of contents that had been reviewed by the trial counsel. So, while the defense had a non-frivolous belief that the records contained *Brady* matter, they nonetheless could not hope to meet the procedural requirements to trigger an in camera review under Military Rule of Evidence [Mil. R. Evid.] 513. And, given the high bar for obtaining an in camera review, the military judge unsurprisingly denied the defense motion.

On appeal, the problem did not change. Although the mental health records are included as an appellate exhibit, there is still a claim of privilege. Although we do not decide the issue, we assume that on appeal the judges on this court cannot search through privileged matter without first finding that an exception to the

---

(. . . continued)

documents are privileged without violating the duty of candor. However, to the extent that the military judge's order could have been misunderstood as requiring the SVC to assert privilege without advocating KC's interest, the SVC's objections had merit.

privilege applies or that an in camera review is otherwise authorized.[4] It is enough to tie one in knots.

Faced with this Gordian knot, we adopted an Alexandrian solution.[5] We concluded that the table of contents did not contain privileged communication. A table of contents is unlikely to contain a "confidential communication made between the patient and a psychotherapist" – and in this case, did not. Mil. R. Evid. 513.

We therefore determined that the table of contents was not privileged and allowed the parties on appeal to review the table of contents. With the veil now lifted, appellant on appeal can see whether the trial counsel's statement that there may be *Brady* matter in the records had any actual support.[6]

Having reviewed the table of contents ourselves, there is nothing in the document that was *Brady* matter or that would lead one to conclude that the records themselves contained *Brady* matter. It is just a table of contents.

## CONCLUSION

On consideration of the entire record, the findings and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] *Compare* Mil. R. Evid. 1101(a) (unclear whether Military Rules of Evidence apply to appellate proceedings), *with* U.S. Army Court of Criminal Appeals Rules of Practice and Procedure Rules 6.9-6.11 (15 Jan. 2019) (presuming documents are privileged on appeal).

[5] That is, we did not try to untie the knot, we cut it.

[6] We invited additional briefing by the parties after having had the chance to review the table of contents. Neither party accepted the invitation.